JENNINGS *vs.* JENNINGS.

To establish a case of desertion sufficient to authorize a divorce, it should appear that the wife left her husband of her own accord, without his consent and against his will, or that she obstinately refused to return without just cause on the request of her husband.

Desertion cannot be inferred from the mere unaided fact that the parties do not live together.

*A. W. Bell,* for petitioner.

THE CHANCELLOR. The petitioner asks a divorce from the bond of matrimony for wilful, continued, and obstinate desertion on the part of the defendant.

The evidence shows that the parties were married about the year 1851, and that they lived together about eighteen months or two years. The defendant then returned to her mother's house, where, so far as appears by the evidence, she still remains. Two witnesses only have been called to support the charge of desertion. One of them, an uncle of the petitioner, says, that after the defendant left her husband's house, he never saw them together. He, the witness, has talked with her and her mother, and tried to get her to come back, but not at her husband's request. The other witness, a brother-in-law of the petitioner, says the defendant left her husband, and went back to her mother's. I think he tried to get her to return and live with him, and she refused; I know that

he went to see her a number of times, and tried to get her to return. How this knowledge was acquired, he does not state. His previous statement warrants the belief that he did not know the fact of his own knowledge, but derived it from the statement of others. This is the whole evidence offered in support of the petition.

There is no evidence whatever of the circumstances under which the defendant left her husband's house. For all that appears, the separation may have been voluntary. The defendant may have returned to her mother's house with the husband's consent or at his request. The evidence is by no means satisfactory that the husband ever asked or desired her to return to him. To establish a case of desertion, it should appear that the wife left her husband of her own accord without his consent and against his will, or that she obstinately refused to return without just cause on the request of her husband.

Voluntary separation does not amount to desertion, nor can desertion be inferred from the mere unaided fact that the parties do not live together. *Bishop on Marriage and Divorce*, § 511.

To decree a divorce upon evidence so unsatisfactory and inconclusive would open the door to the grossest abuse in the exercise of the power of the court.

The application must be denied.