CORNISH vs. CORNISH.

1. Where the conduct of the husband is the cause of the wife's leaving her home, and his actions since have been such as to prolong her absence for three years, such absence is not desertion contemplated by the statute, and no divorce can be had.

2. Where the husband has not made the advances or concessions which a just man ought to make to put an end to his wife's desertion, induced, though not justified by, his conduct to her, the desertion, though willful and continued, is not obstinate.

This cause was heard *ex parte* upon report of the master, and the proofs before him taken *ex parte*.

*Mr. M. Beasley, Jr.,* for petitioner.

THE CHANCELLOR.

The circumstances under which the defendant left the petitioner and has continued away, do not, in my opinion, make her absence the willful, continued, and obstinate desertion intended by the statute. He did much to provoke her going away, though his conduct did not altogether justify it. He has done nothing since to induce her to overlook or forgive his conduct, which provoked her to leave, or made any attempt to induce her to return, but has acted as a husband would act who wished his wife to stay away for the three years

required by the statute to convert desertion into cause for divorce.

On the occasion of her leaving, he returned home at an unseasonable hour of the night, and woke her up from sleep to admit him; it was, perhaps, her duty as a wife to have got up instantly and to have admitted him with that appearance of cheerfulness which many feign and few feel. But his conduct in resenting her tardiness and discontent by threatening to chastise their infant of a year old, because, when thus waked up, it made some noise, as every child would do, was brutal. She very properly snatched up her child to protect it, and also fell into a passion, it may have been too violent, but some passion was unavoidable. Instead of endeavoring to soothe and quiet her, he left the room. She was living with him in the house with his father, mother, and brother, away from her own relatives, and although his mother tried to pacify her, yet when she naturally spoke of returning to her father's house as a refuge from this treatment, her husband, instead of calming her, harshly bid her to look to the consequences of the step she was taking.

He sent her away in this mood at midnight, with a hired man, to her father's house, three miles distant. He has never been to her since to seek for reconciliation or ask her to return. He has met her a number of times without speaking to her. Her temper may be too quick and too violent, but it was his duty to go to her after leaving under these circumstances, and see if some contrition, some concession on his part, could not do away with the effect of his harsh conduct on that night. Her threat, in the anger of the moment, never to live with him and to obtain a divorce, are not sufficient excuse for not making the attempt. He has acted as if anxious to convert a small quarrel between him and his wife, in which he was both much and most to blame, into a legal ground for divorce. He has not made the advances or concessions which a just man ought to have made, to put an end to this desertion. For want of this, a desertion which was willful and continued, cannot be adjudged obstinate.

The divorce must be refused.