Meldowney v. Meldowney.

MELDOWNEY *vs.* MELDOWNEY.

1. To render the withdrawal of a wife from the house of her husband such an abandonment as to constitute desertion in legal estimation, it must appear she left her husband, and remained away from him of her own accord, without his consent, and against his will, continuously, for the full period of three years.

2. Abandonment is not voluntary, where it is compelled by personal violence, coarse language, and constant neglect.

3. Desertion brought about by the misconduct of the husband cannot be made the ground of divorce on his application.

4. Language used by the petitioner, *held* to have given the defendant a right to infer the petitioner's consent to a separation.

Submitted on pleadings and proofs, without argument.

*Mr. James Chapman*, for petitioner.

*Mr. Thomas Carey*, for defendant.

THE VICE-CHANCELLOR.

This is an action for divorce by a husband against his wife, on the ground of desertion. The desertion is alleged to have taken place on the 12th day of September, 1871, and to have continued up to September 23d, 1874, when this suit was brought. It will be observed the suit was instituted within less than two weeks after the lapse of the period which desertion must run to give a right of action. In my judgment, the evidence fails to show a case of desertion. To render the withdrawal of a wife from the home of her husband such an abandonment as to constitute desertion in legal estimation, it must appear she left her husband, and remained away from him, of her own accord, without his consent, and against his will. *Moores* v. *Moores*, 1 *C. E. Green* 280; *Jennings* v. *Jennings*, 2 *Beas.* 38. And the desertion must be continued for the full period of three years, for desertion itself is no cause of divorce, but only its continuance for the period fixed by statute. *Coddington* v. *Coddington*, 5 *C. E. Green* 264. The wife in this case did not leave voluntarily. Her husband, by personal violence, coarse language, and constant neglect, as effectually drove her from his home as though he had put her out by physical force. In the language of a daughter of the parties, who testified as a witness: " Mother left because she could not stand it any longer." Desertion brought about by the misconduct of the husband, cannot be made the ground of divorce on his application. The petitioner made no effort to induce his wife to return until he had determined to sue for a divorce. I do not believe he desired her to return then. I think all his efforts in that direction bear upon their face unmistakable evidence that they were made solely with a view of insuring the success of his suit, and not with a sincere desire

Meldowney *v.* Meldowney.

to restore a broken home. After the receipt of the letter of August 11th, 1874, in which the petitioner says, " Now I am willing to give you a bill of separation. I do not want to hold you, and I don't want you to hold me, if we cannot live together happy," I think the defendant had a right to understand that the petitioner consented to a separation. Whatever may have been the effect of the wife's conduct prior to this time, by this letter he consented to her living in a state of separation. From this time on, the wife remained away from her husband with his consent. He is not entitled to a divorce. His petition must be dismissed, with costs.