Taylor v. Taylor.

TAYLOR

v.

TAYLOR.

1. To make out a case of desertion, three things must be shown: (1) cessation of cohabitation, (2) an intent in the mind of the defendant to desert, and (3) that the separation was against the will of the complainant.

2. A husband who, with a view of laying the foundation for a divorce, pursues such a course of conduct towards his wife as constrains or induces her to remain away, cannot make her absence a ground of divorce, though she left him without sufficient cause. He consents to a desertion which his conduct promotes.

On final hearing on pleadings and proofs.

*Mr. S. Morrow*, for complainant.

*Mr. J. A. Stroube*, for defendant.

THE VICE-CHANCELLOR.

The complainant seeks a divorce from his wife for desertion. To make out a case of desertion three things must be shown: first, cessation of cohabitation; second, an intent in the mind of the defendant to desert; and, third, that the separation was against the will of the complainant.

Sir Creswell Creswell, in *Thompson* v. *Thompson,* 1 *Swab. & Tris.* 231, says : " The absence and cessation of cohabitation must be in spite of the wish of the deserted party; the person deserted must not be a consenting party." In *Jennings* v. *Jennings,* 2 *Beas.* 38, Chancellor Green held : " To establish a case of desertion, it should appear that the wife left her husband of her own accord, without his consent and against his will, or that she obstinately refused to return, without just cause, on the request of her husband." He expressed the same view, in language almost identical, in *Moores* v. *Moores,* 1 *C. E. Gr.* 275, and the ruling in these cases was followed in *Meldowney* v. *Meldowney,* 11 *C. E. Gr.* 328. In *Bowlby* v. *Bowlby,* 10 *C. E. Gr.* 406, this court held, that when the husband omitted to do anything to induce his wife to return, for the purpose of making her absence become a ground of divorce, even if she had left without sufficient cause, her desertion, though it might be wilful and continued, was not obstinate, and a divorce was refused. The decree made in this case was subsequently unanimously affirmed by the court of errors and appeals, for the reasons stated in the opinion of the court below. 10 *C. E. Gr.* 570.

This case must be decided by the rules established by these cases. The parties were married in the city of Newark, on the 9th of September, 1859, and continued to reside together there until about the 1st of October, 1871, when the wife left her husband, taking their two children and most of the furniture with her. For some weeks prior to the separation, the complainant had been without employment, and during most of this period he and his wife had frequent difficulties, resulting in considerable bitterness of feeling. Both were to blame for the unhappy state of affairs. After the separation they remained in Newark, and both continued to reside there up to the time the suit was brought. When the complainant discovered he had been deserted, he made no effort to find his wife or his children ; it would seem he abstained even from making

Taylor v. Taylor.

inquiry, and he did not show the slightest curiosity to know where they had gone, or why his wife had left him. If the separation had been pre-arranged, he could not have shown less concern. He says he first learned where his wife was from his little daughter, whom he met at a church fair, about six weeks after the separation, but it does not appear he made the slightest effort then to find out why she had left, or whether she intended to return; nor is it shown that he did or said anything indicating he wished a reconciliation, or that he desired his wife to return. About a year after the separation he met her on the street, and passed her without a word or a bow. From the time of the separation, he abstained resolutely and constantly from everything tending, in the slightest degree, to promote a reconciliation, or to induce her to return. He neither did nor said anything tending to show that the separation was against his will; on the contrary, his sullen unconcern and indifference, his abstinence from inquiry and complaint, and his manifest contentment with affairs as they stood, declared, as plainly as he could do by words, that he would rather she would continue away than return. It is impossible not to see that he kept away from her, and studiously refrained from manifesting any interest in her or the children, for the purpose of keeping her away. He did not ask her to return, because he wanted her to continue the desertion. He did not drive her away, but after she had left he adopted a course of conduct towards her that made a return impossible to a woman possessing either ordinary pride or spirit. He swears she left about the 1st of October, 1871. In her answer, she says it was the 5th of October. The bill was sworn to on the 28th of September, 1874, and filed on the 19th of October. If he had been as prompt in seeking a reconciliation as he was in seeking to have the marriage tie broken, he would have shown a better title to the relief he claims. I cannot resist the conviction that the complainant, from the commencement of the separation, purposely pursued a course of conduct towards his wife which

he believed would render her return very difficult, if not impossible, and that his design was to constrain her into a course of conduct which would give him a right to sue for a divorce. It is obvious, I think, he desired the desertion to continue. He is not, therefore, entitled to the decree he asks. *Cornish* v. *Cornish*, 8 *C. E. Gr.* 208. His bill must be dismissed, with costs.