MARTHA A. SARGENT, appellant,

v.

AUGUSTUS G. SARGENT, respondent.

1. That a wife, after her dissolute husband had left her, contributed periodically to his support for more than three years, is not, of itself, sufficient evidence of connivance to prevent her obtaining a divorce for his desertion.

2. Where a husband deserts his wife, without cause on his part and without fault on hers, there is not the same obligation on the wife to endeavor to effect a reconciliation that there would be on the husband were the case reversed.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Sargent* v. *Sargent, 6 Stew. Eq. 204.*

*Mr. F. McGee,* for appellant.

The opinion of the court was delivered by

PATERSON, J.

This cause comes up on an appeal from a decree filed in the court of chancery on the 29th day of May, 1882, denying the relief sought by the bill of complaint, and directing that it be dismissed. The proceedings are *ex parte* in their nature, and the facts of the case are stated in the opinion of the vice-chancellor who advised the decree.

There is no difference as to those facts, nor any doubt affecting their credibility; they are assumed to be correct. The decree below is based upon the finding that the evidence fails to establish such a desertion on the part of the husband as is contemplated by the statute. Was that willful, continued and obstinate for the term of three years? If not, it must be because

Sargent v. Sargent.

a clear case of consent or collusion between the parties appears from the depositions.

That the defendant was absent from and did not live in marital relations with his wife for more than the period required by the words of the statute, does not admit of any dispute. It is just as evident that he went away without saying anything to such effect, and never returned to live with the complainant again. All his actions show he did not intend to do so. His wife made little or no effort to ascertain what had become of him. Incidents like these are not uncommon developments in the history of such cases. Their significance in warranting a refusal or denial of judicial relief, must depend upon their connection with other matters disclosed by the testimony in each instance. Here there was no reason why the wife should seek out the husband particularly and induce him to return to a home to which, most certainly, he could not have been a very desirable ornament. As she was human, she would not permit him to be in want while he was continuing the same dissolute habits and course of life.

The testimony does not disclose the slightest verbal agreement on the part of the complainant to act in collusion with the defendant. Such an inference is strained in character, based on surmise only, and not warranted by any reasonable interpretation of the facts. Had the parties intended to establish a case in that way, it is not probable they would have been permitted to reveal the arrangement by which the defendant received assistance from his wife after desertion. As that is stated in the depositions, when considered with the facts of the case, it is entirely natural, and is a credit, and not a discredit, to the complainant. The medium of assistance was a former partner in business with the defendant, and the latter could appeal to him with some hope of claim. It does seem as if this incident should preclude, and not be made the foundation on which to raise up an inference of collusion.

In the absence of any direct proof of preconcerted arrangement between the parties, the presumption upon which an inference of an unfavorable nature is drawn should be clear, exceptionally so, and no such presumption appears in this case.

Derby *v.* N. Y. Ins. Co.

From the facts, it would seem to be a proper one for relief, and the decree below should be reversed.

There is another reason why that decree should not stand. The marital relation is recognized, both legally and morally, as imposing obligation pre-eminently on the husband. Society, so far at least, has regarded the duty of the latter in maintaining and preserving those relations as of the superior order. This may or not be modified in the future. Not that the tie is more sacred or less binding on the part of the wife, but where the act of desertion occurs without reason on his part and without fault on her side, the same efforts to restore harmonious relations are not expected from her as would be from him, if the case were reversed. The principle that the integrity of the matrimonial tie requires this of the husband, is stated clearly by the chancellor in *Schanck* v. *Schanck, 6 Stew. Eq. 363,* and must command general assent.

A decree should be entered in this case granting the prayer of the bill of complaint.

*Decree unanimously reversed.*