ELLIS S. VAN WART

*v.*

SARAH ANN VAN WART.

[Decided December 12th, 1898. Filed December 13th, 1898.]

A wife's desertion is not obstinate, within the statute providing that a divorce may be decreed for willful, continued and obstinate desertion for two years, unless persisted in against the effort or influence of the husband to bring it to an end. The amount of effort or concession required to be shown will vary with the particular circumstances of the case.

*Mr. William D. Snow,* for the petitioner.

*Messrs. Marnell & Fallon,* for the defendant.

Stevens, V. C.

It seems to me plain that the desertion in this case, though it may have been willful, was not "obstinate." It was not persisted in against the effort or influence of the husband to bring it to an end. Obstinate persistence on the part of the wife was wanting because the advances or concessions which the husband, as a just man, ought to have made to terminate it, were also wanting. Such advances and concessions were the prerequisite of any obstinate persistence against them.

I have, in thus stating the matter, followed the language of *Bowlby* v. *Bowlby, 10 C. E. Gr. 406,* a case affirmed by the court of appeals for the reasons given by Vice-Chancellor Dodd, and a case, too, which seems to me to express more accurately than any other in our reports, the true meaning of the word "obstinate" as used in the statute, which provides that divorce may be decreed "for willful, continued and obstinate desertion for the term of two years."

In considering what effort or concession must be made in any given case, the conduct of the parties toward each other must be considered. It is obvious that more effort and concession will be required of one whose conduct actually produces or contributes to produce the desertion than of one who is blameless. If the party deserted is not in fault and effort to induce the deserting party to return would probably prove unavailing, it need not be shown. *Trall* v. *Trall, 5 Stew. Eq. 231.* In general it may be said that that desertion is to be adjudged obstinate which has resisted such effort or concession as the party alleging desertion ought, under the particular circumstances of the case, to have made to bring it to an end.

Applying this rule to the facts of the present case, while it must be admitted that the defendant's conduct in leaving the petitioner cannot be justified, it must also be admitted that the petitioner was not without fault himself. The manner in which

he dismissed his wife's boarder, and, after a short absence on her part, his hasty publication in the local newspapers of a notice that he would not be responsible for her debts, must have been offensive to her and must have tended to influence her subsequent action in leaving. On the day of her departure he stood by without asking her to stay. Under these circumstances, according to the cases, it was the husband's duty to make a *bona fide* effort to induce his wife to return. *Cornish* v. *Cornish, 8 C. E. Gr. 208 ; Bowlby* v. *Bowlby, supra ; Meldowney* v. *Meldowney, 12 C. E. Gr. 329 ; Taylor* v. *Taylor, 1 Stew. Eq. 207 ; Rittenhouse* v. *Rittenhouse, 2 Stew. Eq. 274 ; Belden* v. *Belden, 6 Stew. Eq. 94 ; Schanck* v. *Schanck, 6 Stew. Eq. 364 ; Herold* v. *Herold, 2 Dick. Ch. Rep. 210 ; Chipchase* v. *Chipchase, 3 Dick. Ch. Rep. 549 ; S. C., 4 Dick. Ch. Rep. 594.* Her desertion could not become obstinate until this effort was made. But he made no effort whatever. After she had gone they met two or three times on friendly terms. On one of these occasions they dined together at the house of a mutual friend. Neither then nor at any other time did the petitioner suggest a reunion. If the evidence does not indicate that the separation was agreeable to both parties and existed by the tacit consent of both parties, it at least shows that the husband did not by word or act seek to put an end to it by any advances on his part.

The petition should be dismissed, with costs.