CHARLES W. NORCROSS

*v.*

MARIAN PEARL NORCROSS.

[Decided May 24th, 1913.]

1. In a husband's suit against his wife for desertion, evidence examined and *held*, that it was not shown that the desertion was obstinate against the will of the petitioner.

2. Although a wife may without cause or justification abandon her husband, the law imposes upon him a duty to use active efforts to terminate the separation by making such advances or concessions as might reasonably be expected to induce her to return to him, and he is excused from discharging this obligation only when it is manifest from the facts in the case that to do so would be unavailing.

3. Also *held*, upon the evidence that the denial of the decree is further sustainable because of the charge of willfulness of the supposed desertion as supported only by the petitioner's evidence.

On petition for divorce. On exceptions to master's report.

*Mr. Francis V. Dobbins*, for the petitioner.

BACKES, V. C.

The parties to this suit lived in Bergen county and were married in 1901. They have one child. In 1910 they separated. The petitioner charges that at that time the defendant deserted him, and that her desertion was continued, willful and obstinate for a period of two years. The cause was uncontested. The master to whom it was referred reported adversely to the prayer of the petition, assigning the reason that it was not shown that the desertion was obstinate—against the will of the petitioner.

The petitioner's testimony is to the effect that his wife was fond of the gay and forbidden life, and because of frequent reproofs she expressed her determination of leaving him, and quickly put this into action, notwithstanding his pleas and pro-

tests. All during the two years of the supposed desertion the petitioner made absolutely no advances to induce his wife to return to him. Had he done so; had he been solicitous of a reconciliation, I am satisfied that the defendant would have yielded. By the testimony of a witness who crated some of the furniture preparatory to her departure it appears that the defendant requested him to collect for his services from the petitioner, which the latter paid. During her absence the defendant kept up a correspondence with her husband, and it seems that he, at least upon one occasion, wrote to her. It may fairly be gathered from the wife's letters that her separation was in a measure assented to and acquiesced in by the petitioner. Her letters to him indicate that the petitioner was not unwilling that his wife should live apart from him, and the impression they make upon me is that if he had made reasonable overtures to her she would have ended the separation. There is nothing in the conduct of the defendant which leads to the belief that had the petitioner solicited her, he would not have been successful in inducing his wife to rejoin him. The statement made by her to his solicitor, that she didn't see how she could live with her husband again, does not manifest obduracy. The insinuation that the defendant found marital solace in the society of one Ackerman, and that from this it may be assumed that the petitioner's efforts would have been unsuccessful, finds no support in the record.

Although a wife may, without cause or justification, abandon her husband, yet the law imposes upon him a duty to use active efforts to terminate the separation, by making such advances or concessions as might reasonably be expected to induce her to return to him. *Bowlby* v. *Bowlby, 25 N. J. Eq. (10 C. E. Gr.) 406.* And he is excused from discharging this obligation only when it is manifest from the facts in the case that to do so would be unavailing. *Hall* v. *Hall, 65 N. J. Eq. (20 Dick.) 709.*

The denial of a decree of divorce is further sustainable because the charge of willfulness of the supposed desertion is supported only by the petitioner's evidence.

There is corroborating testimony that the defendant separated from her husband, but none that she deserted him. The express-

man and another who helped to move the furniture simply tell of her going. Her letters speak only that she left her husband, but what persuaded her to go, or that it was a willful abandonment on her part, does not appear other than from the lips of the petitioner.

The master's report is confirmed and the exceptions are overruled.