HENRY HYER, appellant,

v.

SOPHIE HYER, respondent.

On appeal from a decree in chancery.

*Mr. Addison P. Rosenkrans,* for the appellant.

*Mr. Albert Comstock,* for the respondent.

PER CURIAM.

This is a suit for divorce brought by a husband against his wife, his complaint being that she had been guilty of a willful, continued and obstinate desertion for a period of two years prior to January 23d, 1917, the date when the petition was filed. The proofs showed that the defendant had left her husband's home in December, 1912; that they remained apart until the following September, when he visited her at Bridgeport, where she was then living, and spent two days at her home, during which time they resumed marital relations. At the end of his visit he returned to his home at Little Falls, New Jersey, and since that time they have continued to live apart.

Our examination of the testimony leads us to the conclusion that the wife was not solely to blame for the breaking up of the family home, but that, on the contrary, his treatment of her during their life together was a contributing cause of their separation. During the period from September, 1912, to December, 1913, he made reasonable effort to induce her to return to him, and we are inclined to think that the wife was wholly responsible for the continuance of their separation during that period; but in view of the fact that they resumed marital relations at the date last mentioned, the period of time preceding such resumption cannot be considered to be a part of the two

years of willful, continued and obstinate desertion required by the statute. *Tracey* v. *Tracey, 43 Atl. Rep. '713.* The duration of time between their resumption of marital relations and the filing of the petition is ample to entitle the husband to the divorce sought, provided the wife alone was responsible for their living apart during that time; that is to say, provided she was guilty of a willful, continued and obstinate desertion. That she was the deserting party is conceded; that the desertion was willful and continued is not denied; but the proofs will not justify the conclusion that this desertion was obstinate, within the meaning of the statute. In *Hall* v. *Hall, 60 N. J. Eq. 469,* we pointed out that it was entirely settled that a desertion in order to be obstinate must be persisted in against the willingness of the injured party to have it concluded; and that when the husband has by his conduct toward his wife contributed in any degree to her original desertion, the law requires that he should evidence that willingness by making such advances or concessions to his wife as might be reasonably expected to induce her to return to him. The case fails to show the making of any such advances or concessions by the husband to the wife subsequent to September, 1913, when they resumed marital relations. On the contrary, a reading of the evidence makes it reasonably clear, not only that he was derelict in the performance of this obligation, but that he was content to have the separation continue. This being so the court of chancery properly refused to grant him a divorce.

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON—14.

*For reversal*—None.