MYRTLE HAHN, petitioner,

v.

WILLIAM HAHN, defendant.

[Decided October 27th, 1921.]

1. The gravamen of the desertion contemplated by the third section of the Divorce act is not the mere physical absence of one of the married couple from the other, but such absence in a prescribed condition of mind—a willful and obstinate desertion.

2. A wife was entitled to a decree of divorce on the ground of desertion where the defendant husband refused to provide for her, and took her into his parents' home, from which place they were ordered out by the parents for failure to pay for their keep, and the wife left, but the husband remained, although the wife did not let the defendant know that she was willing to live with him; there being no rule requiring a deserted wife to approach her husband to have her marital rights restored, such duty being imposed by law on the husband.

On exceptions to master's report.

*Mr. John P. Manning,* for the exceptant.

BACKES, V. C.

The master, to whom this uncontested divorce case was referred, reported adversely, and it is before me on exceptions. The evidence shows that the parties were married July 18th, 1915. They lived together in a single room for seventeen months. During that time the petitioner was maintained by her mother and the defendant by his parents. In February, 1917, they went to live with the defendant's parents, and after a month's stay were ordered out by the defendant's mother for his failure to pay for their keep. The petitioner went, but her husband continued, and has remained ever since. The defendant is a shiftless, worthless fellow, who refused to set up housekeeping, never in any manner supported his wife, and since the separation has utterly ignored her and their child. He refused support for the child until compelled by the police court. He declared he would not live with his wife. Upon this state of facts, satisfactorily established, the master reported that he was unable to find that there was a willful and obstinate desertion. Upon the point of willfulness he reports: "The willfulness of the desertion on the part of the defendant is the subject of much of the testimony and the facts so proved would indeed establish willfulness if the defendant had in fact left the petitioner. I cannot, however, find therefrom a willful desertion on his part, when he did not in fact desert the petitioner." I am unable to agree with the master. The view that there was no willful desertion on the part of the husband because the wife and not he left is unsupportable. Departure is not the test of desertion. The gravamen of the desertion contemplated by the third section of our Divorce act is not the mere physical absence of one of the married couple from the other, but such absence in a prescribed condition of mind—a willful and obstinate desertion. *Hyland v. Hyland, 55 N. J. Eq. 35.* Here the wife was compelled to leave the roof that sheltered both by the command of the defendant's mother. He sullenly heard and saw her driven away with-

out a word of reproach to his mother or one of sympathy or comfort to his wife. He furnished the motive for the separation and was responsible for its execution. His mother's orders became his orders. He deserted his wife by staying where she was not permitted to be, and his abandonment of her and their child ever since reflects his mental attitude towards her.

The master, not satisfied that the desertion was obstinate, reports on this phase of the case that "the obstinacy of the desertion might be found from the petitioner's testimony that she was ready and willing to live with her husband and would have lived any place with him. This testimony was corroborated by the testimony of her mother, who states that her daughter has talked with her about living with her husband and that she was willing to go with him in just one room. She never, however, so far as I can find, let the defendant know that this was her state of mind, although she saw him every week, until he went into military service, these weekly meetings being for the purpose of receiving the defendant's contribution to the support of his child." I know of no rule requiring a deserted wife to approach her husband to have her marital rights restored—in this case to inaugurate them. The shoe is on the other foot. That is a duty imposed by law upon the husband. *Bowlby* v. *Bowlby, 25 N. J. Eq. 406.* The testimony shows clearly that the petitioner was at all times receptive and ready to rejoin her husband had he made reasonable overtures. That this deserted wife did not complain, was passive, even content in the separation, does not indicate that the desertion was not obstinate—against her will. In the unfortunate circumstances in which she found herself, she had no choice but to patiently submit to the inevitable situation brought about her by her husband. What else could she do? The defendant's conduct is even more reprehensible than was that of the defendant in *Hague* v. *Hague, 85 N. J. Eq. 537,* wherein the court of errors and appeals reversed this court and ordered a decree.

The petitioner is entitled to a decree.