MARY K. BISSELL, petitioner,

*v.*

HENRY C. BISSELL, defendant.

[Decided May 24th, 1922.]

1. Neither divorce nor nullity of marriage may be decreed upon the uncorroborated testimony of the petitioner.

2. Neither divorce nor nullity of marriage may be decreed upon ,the uncorroborated admission of the defendant.

3. But, when a defendant refuses to appear before physicians, appointed inspectors to examine him to the end that they may form and express an opinion. as to whether he is incapable of performing the act of generation and has on his part any impediment to the consummation of marriage, such conduct, coupled with the other evidence in the cause, may be sufficient to warrant the conclusion that defendant was at the time of the marriage physically and incurably impotent.

4. Corroboration need not be the testimony of witnesses; it may be furnished by surrounding circumstances adequately established.

5. After parties have cohabited for three years, and if at the end the marriage remains unconsummated, that being made to appear by the woman remaining a virgin, the man's impotency is to be presumed, and this is called triennial cohabitation; but if they have cohabited for a less period and other facts satisfy the court of impotence, it may be deemed established.

On application for decree of nullity of marriage for impotence, on master's report and proceedings for inspection of defendant.

*Mr. W. Holt Apgar,* for the petitioner.

WALKER, CHANCELLOR.

The parties, petitioner and defendant, were ceremonially married on November 27th, 1920. The petition was filed April 14th, 1921, and it avers that at the time the marriage took place the defendant was physically and incurably impotent to consummate the same; that petitioner was ignorant of de-

fendant's impotence at the time, and has not subsequently ratified the marriage; that the parties are *bona fide* residents, &c. The prayer is that the said pretended marriage may be declared by the decree of this court to be null and void pursuant to the statute. The defendant did not answer and the case was in due course referred to a special master, who has reported, *inter alia,* that at the time of the marriage and at the time the petitioner separated from defendant (April 15th, 1921), the defendant was incapable of having sexual intercourse, but whether this resulted from any malformation of the sexual organs or from some other cause, he was unable from the evidence produced before him to determine; and he further reported that in his opinion a medical examination and inspection of the defendant was required to determine whether or not he was physically and incurably impotent at the time of his marriage to the petitioner. An order was made on the defendant to show cause why an order should not be made that he be examined by one or more physicians for the purpose of ascertaining whether or not he was physically and incurably impotent, and why a commission should not issue for that purpose pursuant to the practice of this court. See *Bid. N. J. Div. Prac. (2d ed.)* *252.* The order was served and on the return day the defendant appeared in person and said that he had nothing to urge why a commission should not issue. Thereupon an order was made appointing two physicians inspectors to examine the defendant and report as to whether he was incapable of performing the act of generation and had on his part any impediment to prevent the consummation of his marriage and whether he was incurably impotent, and that he submit himself to the examination and inspection at the time and place and in the manner specified in the order. *Ibid. 253.* A commission was duly issued and such proceedings were thereupon had that the master has reported that the defendant and inspectors attended before him, and the defendant was identified as the party to be examined, and the inspectors were sworn and the master fixed the time and place for the examination, with reasonable and proper regard to the wishes of defendant; that at the time of his identification the defendant said that by advice of counsel he would not be present, and

the examiners have made return on the commission that they attended at the time and place appointed, but that the defendant did not appear.

Defendant having refused to submit to examination, petitioner moves for a decree *nisi;* and the case turns upon the question of corroboration of petitioner's testimony. She said they lived together and occupied the same bed from the time of their marriage up to April 15th, 1921, and that during all that time her husband never had sexual intercourse with her and never attempted to have; in conversation he told her that he did not know that he could not. Dr. E. S. Hawke, a physician and surgeon, who has practiced for twenty-five years, testified that he made a physical examination of Mrs. Bissell on May 31st, 1921, and found her to be a virgin. Charles McGuire testified that the parties lived with him on his farm after they were married; and that after the citation was served on the defendant he said to Mr. McGuire that he got "the papers," and that if the grounds upon which his wife was suing are true, it looked as though she would get a divorce; to which McGuire replied by asking him if he was weak in that respect and he answered, yes, he was.

Obviously this is lawful testimony tending to show that the defendant at the time of his marriage was physically and incurably impotent. If the wife's testimony is to be believed, and there is no reason to doubt it, the fact of impotency may be inferred; but, as has been repeatedly decided, neither divorce nor nullity of marriage may be decreed upon the uncorroborated testimony of the petitioner. *Bolmer* v. *Edsall, 90 N. J. Eq. 299.* Nor can a decree of divorce be granted on the uncorroborated admissions of a defendant. *Garrett* v. *Garrett, 86 N. J. Eq. 293.* And this applies as well to a suit for nullity. Therefore the question sharply presented is, Is the declination and refusal of the defendant to submit to a physical examination evidence corroborative of the petitioner's testimony from which the fact of impotence may be inferred? This question is to be answered in the affirmative upon the authority of at least two unreported decisions in this court.

In *Benz* v. *Benz* (*docket 23 p. 747*), the late Vice-Chancellor Emery, in a memorandum, held:

"The evidence of petitioner in this case, taken in connection with defendant's admissions to petitioner's sister and her refusal to appear and submit the inspection, as ordered by the court, are sufficient in my judgment to warrant the conclusion that the defendant was at the time of the marriage, and is still, incapable of marital intercourse, unless an operation be performed. As the court has no power against defendant's will to require the operation to be performed, and as, moreover, the effect of any operation on defendant's capacity for intercourse is purely speculative, I think petitioner is entitled to a decree for divorce."

While Vice-Chancellor Emery cites no authority for his opinion in the *Benz Case,* he probably had in mind the English doctrine mentioned by Mr. Bishop in *2 Bish. M., D. & S.* § *1305,* where he says that when a man to avoid compliance left the country, the court, finding the other evidence sufficient, dispensed with this. The other evidence in the *Benz Case* satisfied the vice-chancellor; and the evidence in the case at bar, having regard of the inference to be drawn from defendant's refusal to submit to inspection, is satisfactory. It consists of the fact that the petitioner remains a virgin after having been married and occupying the marriage bed with her husband for several months, and he having made statements that are tantamount to an admission that he is impotent.

After parties have cohabited for three years, called "triennial cohabitation," and at the end, if the marriage remains unconsummated, that being made to appear by the woman's remaining a virgin, the man's impotency is to be presumed; but if they have cohabited together for a less time and other facts satisfy the court of impotence, it may be deemed established. *Ibid.* § *1286 et seq.* This doctrine was given effect by Vice-Chancellor Backes in *Tompkins* v. *Tompkins, 92 N. J. Eq. 113,* where he held that triennial cohabitation is not essential to show a husband's impotency when it may be proved before the end of that period, although it is to be presumed after that time.

In *Kimberly* v. *Kimberly* (*docket 42 p. 198*), the defendant

admitted his impotence and the special master found that the fact admitted was corroborated by the refusal of the defendant to submit to a physical examination. No commission was issued because the defendant, was in the State of New York, where process of this court does not run, and where physicians can testify as to their professional knowledge only upon an express waiver of the patient, whose privilege is absolute unless waived. And the learned master observed that as a matter of corroboration it is immaterial whether the refusal is to submit to an examination ordered by the court or a refusal absolute in character, after knowledge that the charge made against him is that of incurable impotence; that on principle the refusal in each case has the same effect as corroboration. This I take to be the law. In the *Kimberly Case* a decree of nullity was made upon the master's report.

Upon the strength of these hitherto unreported cases of *Benz* v. *Benz* and *Kimberly* v. *Kimberly,* which are precedents directly in point, I hold that in a suit for nullity of marriage on the ground of physical and incurable impotence, where the petitioner's testimony makes a case, except for the requirements of the corroboration rule, sufficient corroboration is afforded by the refusal of the accused spouse to submit to a physical examination by physicians to the end that they may form and express an opinion as to the affliction of the party.

Corroboration need not be the testimony of witnesses; it may be furnished by surrounding circumstances adequately established. *Rogers* v. *Rogers, 89 N. J. Eq. 1; Parmly* v. *Parmly, 90 N. J. Eq. 490; Meek* v. *Meek, 92 N. J. Eq. 23.*

In the instant case the testimony satisfies me that the defendant was physically and incurably impotent at the time of his marriage to the petitioner, who was ignorant thereof and has not ratified the marriage, and, therefore, she is entitled to a decree of annulment *nisi. P. L. 1907 p. 480 § 20.*

Decree *nisi* accordingly.