Our legislature has provided that desertion, as a ground of divorce, must be willful, continued and obstinate for the statutory period. A wife's desertion, though willful, cannot be adjudged obstinate unless it has resisted such efforts or concessions on the part of her husband as he ought to have made to bring it to an end, under the particular circumstances of the case. This is the established test in this state by a long and harmonious line of decisions. Jennings v. Jennings, 13 N.J. Eq. 38; Cornish v. Cornish, 23 N.J. Eq. 208; Bowlby v.Bowlby, 25 N.J. Eq. 406; affirmed, 25 N.J. Eq. 570; Meldowney
v. Meldowney, 27 N.J. Eq. 328; Taylor v. Taylor, 28 N.J. Eq. 207; Belden v. Belden, 33 N.J. Eq. 94; Sargent v. Sargent,36 N.J. Eq. 644, 646; Herold v. Herold, 47 N.J. Eq. 210;Chipchase v. Chip chase, 48 N.J. Eq. 549; affirmed, 49 N.J. Eq. 594; Van Wart v. Van Wart, 57 N.J. Eq. 598; Taylor v. Taylor,73 N.J. Eq. 745; Rector v. Rector, 78 N.J. Eq. 386, 404; Shaw
v. Shaw, 89 N.J. Eq. 214; Hyer v. Hyer, 91 N.J. Eq. 147;Howath v. Howath, 91 N.J. Eq. 435; Hahn v. Hahn, 93 N.J. Eq. 296.
It is only when the deserted husband is without fault, and effort to induce the wife's return would probably prove unavailing, that the duty imposed upon him to seek her return can be excused. It will be observed that this exception is essentially a recognition or restatement of the principle of the rule already stated, that to be obstinate a desertion of a wife must be such as would resist such efforts and concessions on the part of the husband to terminate it as a just man ought to have made under the circumstances of the case. Hall v. Hall,60 N.J. Eq. 469; Norcross v. Norcross, 82 N.J. Eq. 195; Fisler v.Fisler, 85 N.J. Eq. 194, 199; Marsh v. Marsh, 86 N.J. Eq. 419;Fraser v. Fraser, 87 N.J. Eq. 633; Danielly v. Danielly,93 N.J. Eq. 556; Mayhew v. Mayhew (affirmed), 95 N.J. Eq. 696.
It is clear that petitioner was not without fault, and equally clear that he made no effort to prevent his wife leaving, and has at no time sought her return; nor can it be *Page 16 
determined that any reasonable efforts on his part to procure her return would have been unavailing. For over two years prior to the separation petitioner had refused to share his wife's bed. His testimony is that during that period "he had no use for her as a wife;" he assigns her "uncleanliness" as a reason. Nine months before the separation petitioner admitted to his home as a nurse for his invalid mother a woman whose presence he knew would be objectional to his wife. By his own testimony it appears that his wife told him that if he did so she would leave; yet he did so, and retained her there continuously until his wife left, and long thereafter. The day before petitioner's wife left him she informed him she was to leave, but admittedly no effort was made by petitioner to dissuade her from leaving him. Nor has petitioner at any time, either at the time of her leaving or since, made any effort to procure her return. During all the period of her desertion prior to the time the bill was filed, petitioner could have found her at any time; during nearly all of that period she lived in the same town as petitioner, yet by his own statements he at no time wrote her or in any way sought her return, or even inquired for her. No evidence in the case justifies the conclusion that any conduct upon the part of petitioner's wife has absolved him from the duty to make concessions or seek her return.
No consideration is here given to the question whether petitioner's withdrawal from his wife's bed, or his installment of Mrs. Frambies in the home against his wife's will, and permitting her to exercise the authority over the household disclosed by the testimony, justified petitioner's wife in leaving. The petition will be dismissed for the reason that the evidence does not disclose an obstinate desertion. *Page 17