The wife appeals from a decree nisi granting her husband a divorce on the ground of desertion.
The parties were married in 1900. The wife (hereinafter sometimes referred to as the defendant) left her husband from time to time, once for six years, and in June, 1921, she left him again, and sued him for divorce upon the alleged ground of adultery. That suit was determined against the wife in December, 1923. On January 26th, 1928, the husband filed the petition for divorce in the present case on the ground of desertion, and on August 5th, 1929, the decree nisi in favor of the husband was made.
We are of the opinion that the decree must be affirmed.
There was proof of the marriage, and corroboration thereof.
There was proof of the residence of the husband in New Jersey for at least eighteen years last past, and corroboration thereof.
There was proof, and corroboration thereof, that in June, 1921, the wife left her husband's home and commenced a suit against him for divorce, which suit was decided against her in December, 1923; that she had never returned; that as *Page 65 
soon as the case was decided in his favor, the husband sought out his wife and begged her to return and continued those efforts, by letter and personal visits and the solicitation of third persons, down to the month of April, 1927, and until she changed her residence and hid herself so that he was unable to find her; that these advances or efforts on his part were sincere, and were deliberately and persistently rejected by her.
It is true that in order to reach such conclusions it is necessary to discredit certain of the testimony given by the wife. This the advisory master did, and we think rightly, because it was in direct conflict with her testimony given in her suit for divorce against her husband, and with the evidence given in behalf of the husband in the present case. The testimony in the present case seems to indicate clearly that she was cold, calculating and evidently smarted under her defeat in the case in which she had unjustly charged her husband with adultery, and indeed had become embittered against him. She swore on the trial of her suit against him that she never would live with him again, and she kept her word. After succeeding in getting away from him much of his property, she exacted as a condition for her return to him that he transfer practically all his remaining property and earthly possessions to her. This he could not see his way clear to do. It is a reasonable inference from the evidence that the husband continually sought his wife and endeavored to effect a reconciliation, but she evaded him and never voluntarily went where he was except in the one instance when she visited him at the hospital in Perth Amboy at his request. The husband appears to have been much in love with his wife, and, while her case against him was pending, he made many efforts to induce her to return to him. Very soon after the case was determined he resumed his efforts to get her to return. His letter to her of February 19th, 1924, shows this. The desertion is alleged to have occurred in the month of February, 1924, the month in which this letter was sent, and the husband's cause of action and right to petition for a divorce accrued, therefore, in February, *Page 66 
1926. The wife says that this letter and the other letters sent by the husband to her were insincere, and were sent with a purpose in mind to use them as a foundation for obtaining a divorce. We think not. If that were so, he would not have waited, as he did until January, 1928, to bring his action, nor would he have made any further attempts in or after February, 1926, to induce her to return, as we think he did. His good faith and sincerity we think are indicated by the fact that after his right of action had matured he sent her another letter, in February, 1926, and in other ways continued his efforts down to and through the year 1927. She made no reply to either of these letters, and the reason given by her for her failure to do so was that she thought he wrote her in order "that he should have something on me."
The advisory master properly concluded that the husband sought the return of the wife in the bona fide manner that he was, under the circumstances, required to do, and that he was well corroborated.
The defendant argues that the evidence falls short of proving an obstinate desertion. Not so. Where, as here, a wife leaves her husband's house, if he afterwards sincerely solicits her to return and she deliberately and persistently refuses to do so, her conduct constitutes desertion within the meaning of the Divorce act. Hooper v. Hooper, 34 N.J. Eq. 93; Tabatsko v.Tabatsko, 96 N.J. Eq. 674.
A wife's desertion of her husband will be adjudged obstinate when, as here, it has resisted such efforts on the part of the husband as he ought to have made under the circumstances, to bring it to an end. Baxter v. Baxter, 101 N.J. Eq. 236.
The defendant says that there was not sufficient corroboration to justify the decree. We think that there was. Surrounding circumstances, adequately established, may be of a nature to fully supply the office of corroboration which the law requires in divorce cases. Robinson v. Robinson, 83 N.J. Eq. 150;affirmed, 84 N.J. Eq. 201; Foote v. Foote, 71 N.J. Eq. 273.
Tested by that rule there was ample corroboration. *Page 67 
The defendant lastly contends that the continuity of the wife's desertion was broken by a cohabitation of the parties in 1925.
We think not. In our judgment the extent of the believable testimony on this phase of the case is that the parties stayed under the same roof over night on two occasions in 1925. The mere fact that a husband and wife stayed under the same roof over night on two occasions does not raise a conclusive presumption that they were then and there living on terms of matrimonial cohabitation, but merely a rebuttable presumption which may be met and overcome by proof of facts or circumstances which destroy the probability of marital relations, as for example, that they occupied separate apartments and did not have sexual relations.Graham v. Graham, 50 N.J. Eq. 701. Such was the proof in this case. The advisory master was not bound to believe the wife. As the trier of the facts he was the judge of the credibility of the witnesses. Riehl v. Riehl, 101 N.J. Eq. 15. While a witness is presumed to speak the truth, such presumption may be overcome by any matter indicating that the witness is not worthy of credit, as for example, that the witness has willfully testified falsely as to a material matter. It seems to have been this principle that the advisory master applied, and we cannot say that he was wrong.
The decree below will be affirmed.
For affirmance — THE CHIEF-JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.
For reversal — None. *Page 68