The petition of the husband against the wife alleged desertion in January, 1928, predicated upon a charge of willful, continued and obstinate refusal to have sexual intercourse.
The parties were married on July 10th, 1924. The defendant filed no answer and the cause was referred to a special master for hearing and report. The master reported adversely for lack of corroboration, and the matter now comes before me on exceptions to the master's report.
The testimony shows that the parties separated several times during their married life, and in January, 1930, petitioner left the defendant for the last time. On each occasion when petitioner separated himself from his wife, he gave as the reason her refusal to have marital relations with him. He says the marriage was never consummated.
I find ample corroboration of the husband's charges in the *Page 287 
testimony. Mrs. Clara Becker, an aunt, testified that petitioner once told her that he did not live with his wife because "he had never lived with her as man and wife." Later, the witness spoke to the defendant about this in the presence of the petitioner, and "she [the defendant] admitted it when he [the petitioner] asked her to and then she denied it." On July 28th, 1931, the defendant was ordered to submit herself to examination and inspection of her person by Doctors Edgar Ill and Winifred Banks, who were designated therein as inspectors. She refused to attend and submit to such examination. Defendant called as a witness by the petitioner, identified a letter written by her which read in part: "I am going around with a sign on my back, married five years and never a wife to you." Her testimony concerning this letter follows:
"Q. You mean you wrote that at his instance and request? A. Oh, no. I wrote simply, people were asking me — he told everybody that. Q. Why did you put it in the letter? A. Simply because, well, every place I went people asked me about it and he was telling everyone." Next, concerning her refusal to appear for examination, the defendant testified as follows: "Q. Are you willing to be examined by a physician? A. Absolutely not. Q.
By your own physician you wouldn't be examined? A. No, sir.Q. Why, Mrs. Becker? A. I don't see why I should. I don't want a divorce. I am a Catholic and I still love my husband. Q.
Have you got any reasonable objection to an examination by a doctor? A. Absolutely will not."
That unjustified refusal to have sexual intercourse persisted in willfully, obstinately and continually for a period of two years is a ground for divorce for the cause of desertion is well established in this state. Haskell v. Haskell, 99 N.J. Eq. 399.
Corroboration need not be the testimony of witnesses; it may be furnished by surrounding circumstances adequately established.Robinson v. Robinson, 83 N.J. Eq. 150; Rogers v. Rogers,89 N.J. Eq. 1; Parmly v. Parmly, 90 N.J. Eq. 490; Meek v. Meek,92 N.J. Eq. 23. *Page 288 
When the defendant refused to appear before physicians appointed as inspectors to examine her to the end that they may form and express an opinion as to whether she had or was capable of having sexual relations, such conduct, in view of the other evidence herein referred to, was corroborative of the petitioner's testimony. Bissell v. Bissell, 93 N.J. Eq. 537.
In the instant case the wife's testimony echoes the husband's charges.
The exceptions to the master's report are sustained and a decree nisi will be entered.