RUTH L. KRESS, PETITIONER–APPELLANT, v. SAMUEL KRESS, DEFENDANT–RESPONDENT.

Argued December 6, 1948—Decided January 10, 1949.

258

*Mr. George W. C. McCarter* argued the cause for petitioner-appellant.

*Mr. Thornton C. Land* argued the cause for the defendant-respondent.

The opinion of the court was delivered by

CASE, J. Mrs. Ruth L. Kress sued her husband, Samuel Kress, for divorce upon the ground that he had committed acts of adultery with two women. The defendant answered with a simple denial of the allegations, and the matter went to trial. At the close of petitioner's case, November 20, 1947, her counsel announced that he rested subject to the production of a witness who had disobeyed a subpoena. The defense objected to beginning its case until the petitioner's case was complete, whereupon counsel for petitioner announced that he withdrew the absentee as a witness. At that stage the Advisory Master volunteered: "I imagine if a motion is made to dismiss I would undoubtedly give the right to the defendant to proceed to make the motion and reserve your right to enter a defense if I rule against the motion". Forthwith defendant's counsel moved to dismiss the petition, reserving the right to go on if the motion was denied. The court allowed the reservation, and eight months later advised a final decree dismissing the petition upon the grounds that the proofs did not sustain a finding of guilt.

The proofs, if believed, showed both inclination and opportunity. There is nothing to be gained at this point by throwing the spotlight upon the proven details of moral delinquency which lead us to that conclusion.

The proofs come from the lips of the petitioner, the petitioner's sister, the latter's husband, neighbors and hired detectives and from exhibits. A *prima facie* case was made.

Defendant argues for condonation. Condonation must be, but was not, pleaded as a defense. *Burke v. Burke,* 113 *N. J. Eq.* 77 *(E. & A.* 1933). It is an affirmative defense, with the burden resting on the defendant. *Rich v. Rich,* 109 *N. J. Eq.* 216 *(E. & A.* 1931). We assume that counsel in using the word "condonation" refers to the continuance of

marital intercourse. No other event in the proofs was of such major significance as to spell forgiveness. We are not persuaded that petitioner had, at the time, such particularized and substantiated knowledge of the events attributed to the first named paramour as would have justified her in denying herself to her husband. *Marsh v. Marsh,* 13 *N. J. Eq.* 281 *(Ch.* 1861*).* In any event, condonation is always conditional, *Burke v. Burke, supra,* and defendant forfeited whatever benefit he was possessed of when he fell again into wrongdoing, this time with the second paramour, following which there was no resumption of cohabitation between husband and wife.

The dismissal of the petition was error.

Further error is alleged in that the counsel fees allowed to petitioner's counsel were insufficient. As the case will go back for continued hearings, application for counsel fees may be renewed in the court below at the conclusion of the trial.

■■ The court, in entertaining the motion to dismiss the petition at the close of petitioner's case, should not have reserved to the defendant the privilege of going forward with proofs in the event the decision should go against him. Chancery practice has no counterpart to a motion to nonsuit in the law courts. In the usual Chancery suit a defendant is privileged to rest his case upon the evidence offered by the moving party or to introduce evidence in his own behalf, at his election, but not to move to dismiss and upon failure therein to proceed with his proofs. Particularly is this true in actions for divorce or nullity in which the public is always a party and has a real interest, *Armour v. Armour,* 138 *N. J. Eq.* 145, 158 *(E. & A.* 1946*);* such an interest, in fact, as that if it is not represented by counsel, it is by the court, *Grant v. Grant,* 84 *N. J. Eq.* 81 *(Ch.* 1914*), Rinehart v. Rinehart,* 91 *N. J. Eq.* 354 *(Ch.* 1920*).* It is the policy of the law, legislative as well as judicial, that all proper defenses be made or compelled. *Feickert v. Feickert,* 98 *N. J. Eq.* 444 *(Ch.* 1926*);* R. S. 2:50–17.

This leads to the conclusion that the decree dismissing the petition should be reversed and that the defendant be given opportunity to produce his proofs.

The decree below will be reversed and the record remanded to the Superior Court, Chancery Division, there to be dealt with in a manner consistent with this opinion; costs to the appellant.

*For reversal:* Chief Justice VANDERBILT and Justices CASE, HEHER, WACHENFELD, BURLING, and ACKERSON—6.

*For affirmance:* None.