16 N.J. Super. 273 (1951)
84 A.2d 559
LOUIS L. SABIA, JR., PLAINTIFF-RESPONDENT,
v.
STEPHANIE SABIA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 29, 1951.
Decided November 15, 1951.
*275 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Gustave G. Kein, Jr., argued the cause for the plaintiff-respondent (Messrs. Kein & Scotch, attorneys).
Mr. Saul Tischler argued the cause for the defendant-appellant (Mr. John J. McCloskey, of counsel; Messrs. Levy, Fenster & McCloskey, attorneys).
The opinion of the court was delivered by EASTWOOD, J.A.D.
The plaintiff, Louis L. Sabia, Jr., sued his wife, Stephanie Sabia, for an absolute divorce, grounding his action upon the wife's refusal to engage in sexual intercourse for the requisite period of time. Other grounds were asserted in the complaint but they were subsequently abandoned. In her answer, the defendant denied the plaintiff's allegations. There was no dispute as to the marriage and qualifying residence of the parties. The defendant also filed a counterclaim seeking separate maintenance and support, alleging that the plaintiff had abandoned her on June 1, 1949. No children were born of the marriage. The defendant appeals from the judgment nisi entered in favor of the plaintiff and the dismissal of defendant's counterclaim.
The determination of the issue depends primarily upon the credence to be given to the testimony of the wife and husband and their respective witnesses. With respect to the testimony, the court found:
"My consideration of the testimony and my observation of the witnesses and their demeanor while testifying lead me to the conviction *276 that the counterclaim should be dismissed; that the conduct of the defendant was wilful and obstinate and continued from March, 1946, to the filing of the petition, and judgment will be for the plaintiff."
With respect to the testimony of Helen Speller, defendant's sister and principal witness, the court commented:
"The testimony of Mrs. Speller must be disregarded. She is a prejudiced witness. She testified for the defendant in the assault and battery case against plaintiff and her story of the week ends spent by the parties at her apartment, when they are supposed to have occupied the day bed in her living room is incredible."
The defendant contends: (1) that the plaintiff did not establish his cause of action, in that there was not sufficient corroboration of his wife's refusal to have sexual relations with him; (2) that the court erroneously admitted testimony of the conversation between the plaintiff and his father, wherein the plaintiff had informed his father that his wife had refused to have sexual relations with him; (3) that plaintiff failed to prove that he performed his duty in making advances to terminate the alleged refusal to have sexual intercourse; (4) that plaintiff condoned any alleged desertion; and (5) defendant is entitled to a judgment of separate maintenance.
Generally, the well established rule in New Jersey is that unjustified refusal of sexual intercourse persisted in willfully, obstinately and continuously for a period of two years is a ground for divorce for the cause of desertion. Raymond v. Raymond, 79 A. 430 (Ch. 1909, not reported in state reports); Parmly v. Parmly, 90 N.J. Eq. 490 (Ch. 1919); Haviland v. Haviland, 114 N.J. Eq. 96 (E. & A. 1933); Munger v. Munger, 130 N.J. Eq. 279 (E. & A. 1941). Surrounding circumstances adequately established may be of a nature to fully supply the office of corroboration which the law requires in divorce cases. Mayerson v. Mayerson, 107 N.J. Eq. 63 (E. & A. 1930); Restaino v. Restaino, 110 N.J. Eq. 563 (E. & A. 1932). "The matter of corroborating *277 the refusal of a wife to carry out the proper marital relations which are expected of her by her husband in most instances is likely to be quite difficult. They are guarded and surrounded with the greatest secrecy, and regarded as sacred. A man and his wife are not likely to approach each other in such matters through third persons, not even through members of the other's family, nor through their family physician." Haskell v. Haskell, 99 N.J. Eq. 399 (E. & A. 1926). But, where an aggrieved party imparts such a confidence to his closest friends, who were the people in whom he would confide with the hope that he might obtain some assistance in bringing about a happier relation between himself and his wife, such testimony is admissible. Haskell v. Haskell, supra. See also Becker v. Becker, 113 N.J. Eq. 286 (Ch. 1933); Hausle v. Hausle, 104 N.J. Eq. 230 (Ch. 1929); Haviland v. Haviland, supra; Rains v. Rains, 127 N.J. Eq. 328 (E. & A. 1940); Franklin v. Franklin, 140 N.J. Eq. 127 (E. & A. 1947); Capozzoli v. Capozzoli, 1 N.J. 540 (1949). Condonation is an affirmative defense and must be pleaded, with the burden resting on the defendant. Kress v. Kress, 1 N.J. 257 (1949). In any event, condonation is always conditional. McGovern v. McGovern, 111 N.J. Eq. 18 (Ch. 1932). "If that condonation was fraudulently obtained of course it could not avail defendant any more than if obtained by force or duress (Leech v. Leech, infra); but even if defendant were honest at the moment of reconciliation, the condonation was nevertheless conditional. The subsequent and immediate resumption by defendant of a willful and obstinate desertion was a breach of the condition and rendered it `valueless as a defense.' Michels v. Michels, supra (at p. 395). The petitioner's right to decree is for the original cause; and it is not requisite that the subsequent matrimonial offense which avoids the condonation shall be of such character as of itself to constitute ground for divorce." McGovern v. McGovern, supra. See also 11 N.J. Practice, Herr on Marriage, Divorce and Separation, sec. 789, pp. 198, 200; Mayerson v. Mayerson, supra; Kress v. Kress, supra.
*278 It is unessential that we discuss the testimony in detail. Suffice it to say, our review of the record convinces us that there was ample evidence to support the findings of the trial judge that the plaintiff had established his cause of action and that the proof of the wife's alleged refusal to have sexual intercourse with her husband for the statutory period of two years was clearly established by the surrounding facts and circumstances. Also, the confidence imparted by the plaintiff to his father, at a time when the plaintiff was greatly distressed regarding his wife's antagonistic and unfriendly attitude towards him and desirous of obtaining assistance to bring about happier relations between his wife and himself, that his wife had refused to have sexual intercourse with him, is persuasive corroboration. This testimony was clearly admissible under the holding of Haskell v. Haskell, supra, and other cited cases, supporting that rule.
The record also supports the trial judge's finding that the admitted act of sexual intercourse relied upon by the wife as condonation did not have the effect of destroying plaintiff's cause of action. We might well disregard this contention of the defendant on the ground of her failure to plead condonation. However, we are satisfied from our review of the evidence that the trial judge correctly held that the wife premeditatedly and fraudulently engaged in sexual intercourse with her husband for the express purpose of destroying his cause of action. Her conduct almost immediately thereafter was such as to justify that conclusion. On this question, the trial judge, in his opinion, makes the following comment:
"In desertion cases the continuity of the two years period of desertion may be interrupted by sexual relations. Tracey v. Tracey, 43 Atl. Rep. 713; Hyer v. Hyer, 91 N.J. Eq. 147 (E. & A. 1919), and may condone the offense after the cause of action has accrued. Tremarco v. Tremarco, 117 N.J. Eq. 50, but the relationship must be sincere and with the forgiveness of past differences and with a purpose and intent of a future conjugal kindness. Jackson v. Jackson, 93 N.J. Eq. 216. In the cited cases the fault lay with the husband who induced the relations and afterwards abandoned his *279 wife, but a wife can be guilty of the same sort of chicanery; as in the instant case where her conduct is indicative of a fraudulent intent and is lacking in the elements which would interrupt the continuity of the desertion or condone the offense."
The plaintiff's proofs sufficiently establish his futile attempts to effect a reconciliation. Great weight is given to the findings of the trial judge in marital cases and credibility is a question preeminently for his determination. Grossman v. Grossman, 142 N.J. Eq. 714 (E. & A. 1948); Capozzoli v. Capozzoli, supra; Rule 3:52-1.
The judgment is accordingly affirmed.