SADIE B. LASKER, petitioner,

*v.*

BERNARDT LASKER, defendant.

[Decided March 17th, 1920.]

In divorce cases the doctrine that corroboration of petitioner's testimony need not be by witnesses of every fact, but that if sufficient corroboration exists as to certain facts the testimony may be accepted throughout, is made to relieve petitioner in a case of hardship where she would be defeated for want of corroboration of facts which it is impossible to obtain, but is not intended to permit petitioner to withhold the best evidence of facts essential to be proved in order to grant a divorce, where proof of those facts is obtainable; and this by analogy to the rule requiring the best evidence of which the nature of the case is susceptible.

On petition, &c.   On final hearing on master's report *ex parte.*

*Mr. William M. Goldweber,* for the petitioner.

WALKER, CHANCELLOR.

A careful reading of the testimony annexed to the master's report discloses the fact that there is absolutely no corroboration of the continued desertion of the petitioner by the defendant. The marriage is corroborated, and also the fact of willful and obstinate desertion on January 8th, 1915. The petitioner continued to live with her child at her parent's house at Port Richmond, Staten Island, from that time until March 1st, 1916, when she went to reside with her married sister in Bayonne, New Jersey. Her sister was called as a witness but does not say a word to the effect that the petitioner's husband did not visit and cohabit with his wife at her house in Bayonne during the more than four years which elapsed between the petitioner's going to live with her and the date of her depositions. Nor does any other witness say so. Nor does the petitioner herself say so in terms. It is, however, to be inferred from the peti-

tioner's statements that she has not seen or heard from her husband since he left her; that he has remained continuously away.

There are three essentially requisite things in a divorce case not only to be proved, but to be corroborated, namely, marriage, residence and cause of action. *Bolmer* v. *Edsall, 90 N. J. Eq. 299.* And corroboration, in order that a divorce may be decreed, need not be testimony given by another or other witnesses to all of the same identical facts to the minutest particulars, but only such facts and circumstances as will make the petitioner's testimony believable. *Orens* v. *Orens, 88 N. J. Eq. 29.* And corroboration need not be the testimony of witnesses; it may be furnished by surrounding circumstances adequately established. *Rogers* v. *Rogers, 89 N. J. Eq. 1.*

It sometimes happens that it is impossible to obtain corroboration by a witness or witnesses of the continued desertion of a married person, although the original desertion itself, as being willful and obstinate, is clearly so established. And in the case at bar, the willful and obstinate character of the desertion being clearly proved, petitioner's whole story would have been accepted and a decree of divorce *nisi* granted, if it were not for the fact that direct and positive evidence by another witness or witnesses must, in the nature of things, be available to her. The failure to call the witness or witnesses who could speak to this fact, is at least tantamount to a violation of the rule about to be stated. It is laid down in *3 Bl. Com. 368:*

"And the one general rule that runs through all the doctrine of trials is this, that the best evidence the nature of the case will admit of shall always be required, if possible to be had; but if not possible, then the best evidence that can be had shall be allowed. For if it be found that there is any better evidence existing than is produced, the very not producing it is a presumption that it would have detected some falsehood that at present is concealed."

The doctrine that corroboration of petitioner's testimony need not be by witnesses to every fact, but that if sufficient corroboration exists as to certain facts the testimony may be accepted throughout, is made to relieve petitioner in a case of hardship where she would be defeated for want of corroboration of facts which it is impossible to obtain. It has not been evolved, nor is

it intended to permit petitioner to withhold the best evidence of facts essential to be proved in order to grant a divorce, where proof of those facts is obtainable. And this by analogy to the rule requiring the best evidence of which the nature of the case is susceptible. I say by analogy to the rule, because it does not bear directly on the situation before me. The testimony of the petitioner is in strictness the best evidence because it is the sworn word of one who knows the fact; but, because of the rule in divorce cases which requires that a decree may not be granted unless the complaining party is corroborated, the rule allowing constructive corroboration will be given effect only when better evidence cannot be adduced. Resort to actual corroboration of parts of petitioner's testimony as tending to show her truthfulness, and thus render her entire story acceptable, will not be resorted to in aid of her case when it appears that actual corroboration of all the salient facts is obtainable but is withheld, unless excusatory explanation is made which satisfies the court. Why the sister with whom petitioner has lived was not examined as to defendant's continued desertion is in nowise explained.

Leave will be given the petitioner to take further depositions before the master in the matter above indicated. No further report, however, will be required.