CLARENCE B. STORY, petitioner-appellant,

*v.*

EMMA V. STORY, defendant-respondent.

[Submitted March 2d, 1920. Decided June 14th, 1920.]

Where, on the trial of a suit for divorce based on the adultery of a wife, the proofs show a desire to commit the crime, and opportunity to gratify it, coupled with some evidence tending to show the actual commission of the offence. it is sufficient to sustain the charge, and its preponderance is not destroyed by proof that the desire would probably not, but possibly might, exist, if the wife was suffering from the ordinary consequence of an abortion performed on her two months prior to the adultery charged.

On appeal from a decree by the chancellor dismissing a petition for divorce advised by Advisory Master Grey.

*Mr. Patrick H. Harding,* for the appellant.

*Mr. William C. French* and *Mr. Samuel T. French,* for the respondent.

The opinion of the court was delivered by

BERGEN, J.

The appellant filed a petition against his wife for divorce upon the ground of adultery, and the chancellor, upon the advice of

an advisory master, made a decree dismissing the petition, from which petitioner appeals. The case rests entirely upon the proper inferences to be drawn from the testimony exhibited in the record laid before us, much of which is of a character not proper to be given further circulation, nor is it necessary in giving our reasons for the conclusion we have reached. The testimony shows that the parties disagreed as to the conduct of the wife in receiving men, during the husband's absence, at the house where they resided, and particularly about her intimacy with a married man named Ross, resulting in their separation and a division of the furniture, the wife taking her portion to a warehouse and the husband subsequently disposing of his. After the separation the wife took employment in a shop, but continued her intimacy with Ross, meeting him on the street, late in the evening, and together frequenting a saloon, or place where intoxicants were sold, from which, on at least two occasions, they went about eleven thirty at night, to a base ball ground where they were seen, by a detective who was watching them, in what seemed to be a compromising position on one of the benches there. So we have this situation, a married woman separates from her husband because he complains of her associates and especially of the man, Ross, and notwithstanding the husband's protest continues her association with him after the separation, meeting him on the street, under circumstances sustaining an inference that it was by appointment, going with him to drinking saloons and from there to an unfrequented base ball ground at midnight, where they were found lying on a bench. This is convincing proof of opportunity, desire and accomplishment. The fact of meeting on the street, visiting saloons, and the presence of both respondent and her paramour in the ball ground is admitted by respondent. Her defence is a denial of desire, or, if that existed, that she availed herself of the opportunity. Her excuse for going to the ball ground with Ross, in the dark and at the late hour is that she had procured some purchasers for piano players, sold by Ross, for which he was to pay her commissions, and that they went there to have him pay her money due for commissions. This is an incredible story. They

*91 N. J. Eq.*　　　　Story *v.* Story.

had just left a saloon where the business could have been trans-acted where it was light, and went to an open lot where the darkness, according to the proof, was so intense that it is doubt-ful, if money could have been counted. We do not credit this testimony. The only other defence, is that her physical condi-tion, produced by an abortion, was such that it is to be presumed that she would not commit adultery. The testimony of her physician does not support that contention. He testifies that after an abortion a woman would usually become absolutely nor-mal in six weeks, and that sexual intercourse during that period would not be probable, but possible. The abortion happened April 5th, 1919, the adultery charged occurred June 4th next, or two months thereafter. We are of opinion that where the proofs show a desire to commit adultery with an opportunity to gratify it, coupled with some evidence tending to show its actual commission, as in this case, it is sufficient to sustain the charge, nor is the preponderance of such proof destroyed by proof that the desire would probably not, but possibly might, exist, if the wife charged was suffering from the ordinary consequences of an abortion performed on her two months prior to the offence charged. We think that under the evidence in this case the adultery of the wife was proven, and that the appellant is en-titled to a divorce from his wife for that reason. The decree appealed from will be reversed and the prayer of the petition granted.

*For affirmance*—GARRISON, BLACK, TAYLOR—3.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, HEPPENHEIMER, WILLIAMS, GARD-NER, ACKERSON—10.