SARAH W. MEEK, petitioner,

*v.*

JOHN MEEK, defendant.

[Decided December 1st, 1920.]

1. The corroboration of a petitioner, required by law in order that a divorce may be granted, need not be that given by another or other witnesses, but may be furnished by surrounding circumstances adequately established, subject to the rule requiring the best evidence of which the nature of the case is susceptible.

2. When the testimony of another witness or witnesses is not obtainable to corroborate the testimony of a petitioner for divorce, but her testimony is corroborated by surrounding circumstances adequately established, then her testimony as to defendant's handwriting or signature sufficiently proves it to he legal evidence of the fact.

3. So far as *Williams* v. *Williams, 81 N. J. Eq. 17*, holds that the testimony of a petitioner, as to the handwriting or signature of a defendant in a divorce suit, can only be corroborated by a witness other than the petitioner, that case is overruled.

On final hearing on pleadings and proofs *ex parte*.

*Mr. Thomas W. Randall,* for the petitioner.

WALKER, CHANCELLOR.

This is a case of divorce for desertion. The special mas⸱ reports that he is of opinion that all the material facts cha⸱ in the petition are true, and that a decree for divorce shou⸱ made in the cause pursuant to the prayer of the petition. T⸱ I agree, if certain letters written by the defendant, and⸱ were received in evidence, are sufficiently corroborated. ⸱ v. *Foote, 71 N. J. Eq. 273, 280*, the court of errors⸱ held that corroboration may be found in defendant's ⸱ in *Williams* v. *Williams, 81 N. J. Eq. 17*, I held ⸱ rule that a divorce will not be granted *upon t*⸱ testimony of a party to the suit, the *petitio*⸱

a certain letter of the defendant was written by him, is insufficient to establish it as an element in the proofs, unless the fact that the letter is in the handwriting of the defendant is corroborated. This meant that the defendant's handwriting had to be corroborated by a witness other than the petitioner. Subsequently, the case of *Orens* v. *Orens, 88 N. J. Eq. 29,* was decided. In that case it was held that the corroboration of a petitioner's testimony, required by law in order that a divorce may be granted, need not be testimony given by another or other witnesses to all of the same identical facts to the minutest particulars, but only their giving such facts in evidence already testified to by petitioner, or such circumstances tending to establish them, as render petitioner's testimony so much more probable as to be legally acceptable, and which serve to empower the judge to accept the truth of the petitioner's whole story; that corroborative testimony of other witnesses is not always required in divorce proceedings, but circumstances shown by expressions and conduct of a defendant, together with letters of the parties, are, in some circumstances, sufficient. And another subsequently decided case is *Rogers* v. *Rogers, 89 N. J. Eq. 1,* in which it was decided that corroboration need not be the testimony of witnesses, but may be furnished by surrounding circumstances adequately established. See, also, *Parmly* v. *Parmly, 90 N. J. Eq. 490;* also *Robinson* v. *Robinson, 88 N. J. Eq. 150,* affirmed on other grounds, but without criticism of the doctrine of corroboration, *84 N J Eq. 201.* This doctrine, however, is subject to the rule requiring the best evidence of which the nature of the case is susceptible. *Lasker* v. *Lasker, 110 Atl. Rep. 27.*

From the foregoing it will appear that I took decidedly too narrow a view of the question of corroboration with reference to establishment of the handwriting or signature of the defendant testified to by the petitioner in a divorce suit; and I now, unhesitatingly, declare that the corroboration of the testimony of a required by law in order that a divorce may be ed not be that given by another or other witnesses, furnished by surrounding circumstances adequately. if the petitioner's testimony be thus corroborat as to defendant's handwriting or signature to become legal evidence.

In the case *sub judice* the only witness who testifies to the defendant's handwriting is the petitioner. She is, however, corroborated on other points by the testimony of witnesses and by surrounding circumstances, and, therefore, her testimony generally is sufficiently corroborated to make her statement legal evidence of the letters. On the whole case, including the letters, the petitioner is entitled to a decree *nisi*, which will be granted.