MARY ORCUTT, petitioner,

*v.*

KENNETH B. ORCUTT, defendant.

[Decided January 11th, 1923.]

1. Proof of the date of the commencement of a desertion is unimportant if two years of willful, continued and obstinate desertion is established.

2. Corroboration of a petitioner for divorce means that the chancellor must be satisfied that the petitioner's testimony is true from what others say, whether of immediate verification or of supporting circumstances, and may be by letters of the defendant evincing desertion proved by the petitioner and the surrounding circumstances adequately established.

———

In divorce. On exceptions to master's report.

*Mr. John P. Manning,* for the exceptant.

BACKES, V. C.

Upon this petition, on the ground of desertion, the master reports that the petitioner has not made out her case because her testimony is not corroborated. I think it is. The petitioner testified that her husband deserted her January 17th, 1920, and continued to do so down to the filing of the petition, February 16th, 1922. The petitioner's mother corroborates her story. Though she does not give the date of the desertion she says it began in the month of January, 1920. Proof of the date of the commencement of the desertion is unimportant if two years of willful, continued and obstinate desertion is established. Corroboration means that the chancellor must be satisfied that petitioner's testimony is true from what others say, be it immediate verification or of supporting circumstances. *Bissell* v. *Bissell, 93 N. J. Eq. 537.* Letters of the defendant evincing desertion, proved by the petitioner, and the surrounding circumstances adequately established, meet this test. *Meek* v. *Meek 92 N. J. Eq. 23.*

The master's observation that the testimony of the mother was hearsay is not warranted. She testified that the defendant deserted the petitioner in January, 1920, and that from that time he had not lived with her, and that if he had come to visit her she would have known it. It appears that she was always in close touch with her daughter and her affairs. The master's reason for holding that her testimony was hearsay was her answer given to the only question put to her by the master. "You stated that the husband of

your daughter left her in January, 1920, and that she had not seen him since. How do you know that?" To which she answered "Only by what she told me." In view ot what the witness had already testified to of her own knowledge, and her apparent capacity to so testify without having been informed by her daughter, I take it that the witness had in mind the second part of the question (which incorrectly states the testimony) and meant that the daughter had told her that she had not seen her husband since the desertion. It seems to me the master could have made this clear had he searched a bit further. The answer, of such uncertain meaning, should not be permitted to overthrow that which the witness had already testified to explicitly of her own knowledge.

There will be a decree.