This is a suit for divorce on the ground of extreme cruelty, under chapter 187 of the act of 1923. P.L. 1923 p. 494. The petitioner sets forth a course of cruel and brutal treatment, categorically and in detail, beginning shortly after the marriage in 1915 and continuing until the wife separated in 1923. The suit was begun November 30th, 1923. The allegations are proved by the testimony of the wife, and of the truth of it I have no doubt, and of the fact of extreme cruelty there can be no question. The failure of the husband to deny the charges (few self-respecting innocent husbands would let *Page 60 
them go unchallenged) is an implied confession of their truth. But the law demands more proof in divorce cases. It requires corroboration of the petitioner's testimony, though it be believed without corroboration. Belief in the truth of the charges must rest in part upon other evidence tending to prove the offense.
The master felt that the corroborating testimony was not adequate and reported against a divorce. The corroboration is meagre, but it is enough, in my judgment, to satisfy the rule. The appearance of the wife, flushed, excited and in tears, crying out the reason therefor instantly after some of the assaults, and as part of them, testified to by three or four witnesses, support what she says took place behind doors; the husband's one-time artful explanation of an assault that "we were only fooling;" his long spells of surliness after assaults; his promise after an assault, and being chided for his conduct, to mend his ways; his wife's hasty retreat from her home and her return to her father's after the last assault and the husband's admissions that he was responsible for the separation; his failure to make amends; his public denunciation of his wife and his threats to rid himself of her, all testified to by dependable witnesses, bear out the petitioner's story of flagrant abuse. The rule of corroboration required no more, if nothing more can be produced, and it rarely can in cases of this sort of marital misconduct, usually committed under cover and suffered in silence. Chancellor Walker, in Lasker v. Lasker, 91 N.J. Eq. 352, says: "The doctrine that corroboration of petitioner's testimony need not be by witnesses to every fact, but that if sufficient corroboration exists as to certain facts the testimony may be accepted throughout, is made to relieve petitioner in a case of hardship, where she would be defeated for want of corroboration of facts which it is impossible to obtain." And, in Meek v. Meek,92 N.J. Eq. 23, he declared "that the corroboration of the testimony of a petitioner, required by law in order that a divorce may be granted, need not be that given by another or other witnesses, but may be furnished by surrounding circumstances adequately established."
 The exceptions will be sustained and a decree advised. *Page 61