This suit is for a divorce on the ground of extreme cruelty, under the 1923 supplement to the Divorce act. P.L. 1923 p. 494.
The couple lived together nearly twenty years, and up until August, 1922, the acts of violence complained of were infrequent. From that time on until the following June, when they separated, there was great discord, and the husband's ill-temper spent itself in at least four or five vicious assaults upon his wife, by seizing her by the throat to choke her, throwing her down or causing her to fall, and by mauling and beating her. To this the wife testified in great detail, and she is supported by her two daughters, who gave proof of their father's oppressive conduct towards her and of at least one of the assaults. The defendant admits most of the scenes but denies the assaults. He admits that in one of the struggles he struck his wife in the face, but claims it was accidental, and that at another time he put his hand to her mouth to stop her screaming. I have no doubt of his guilt. The painful details of the assaults need not be related here. It is simply a case of an irascible and domineering husband enforcing submission to his will by brute force, of which submission to intercourse under unreasonable, if not shameful, circumstances was not the least.
It is contended that, though the petitioner be believed, a decree should be denied because her testimony is not corroborated in accordance with the rule in divorce cases. That rule requires that the truthfulness of petitioner's testimony be verified by other witnesses to the occurrences or by the surrounding established circumstances. If they bear witness to some of the material things sufficient to satisfy the conscience of the court that the petitioner's testimony as a whole *Page 59 
is credible and worthy of belief, that is enough. Lasker v.Lasker, 91 N.J. Eq. 352; Meek v. Meek, 92 N.J. Eq. 23; Orcutt
v. Orcutt, 94 N.J. Eq. 303, and Smith v. Smith, 96 N.J. Eq. 59; 2 N.J. Adv. R. 1188. Such corroboration is found in the testimony of the two daughters, who, as already remarked, witnessed their father's conduct at home and saw one of the assaults made on their mother.
It is also contended that there should be no divorce, because the act of 1923 provides "that no petition for divorce shall be filed until after six months from the date of the last act of cruelty complained of," and that the defendant during that time tendered due amends. If he had, it could not avail and relieve him of his predicament. The right of action for extreme cruelty is vested when the offense is committed; the right of prosecution is postponed for six months. There is no period for repentances like in suits for constructive desertions, based on extreme cruelty, in which the sinner may relieve himself of the sentence of divorce, by contrition and assurance of future conjugal conduct as pointed out in Gordon v. Gordon, 89 N.J. Eq. 535.
The court is powerless to relieve him even though it believes the repentance to be sincere and future good conduct is assured, as in English v. English, 27 N.J. Eq. 579. The right of action is as fixed and absolute on the commission of the offense as in adultery. The postponement for six months, of the right to sue, is to give the injured party time to calm down and reflect, put the offender on probation, and to forgive if pardon is deserved. Condonation rests exclusively with the offended party.
There will be a decree. *Page 60