This is a suit for divorce on the ground of extreme cruelty under the 1923 supplement of the Divorce act. P.L. 1923 p. 464.
Petitioner's petition was filed March 18th, 1927, but citation was not served upon the defendant until April 25th, 1927. The defendant filed answer and counter-claim, alleging extreme mental cruelty, on May 20th, 1927, which was within time.
It is admitted in the testimony that the parties were married in 1917 and lived together from that time until the latter part of June, 1926, since which time they have lived separate and apart.
A counter-claim was filed by the defendant alleging mental cruelty, and is based upon the petitioner withdrawing herself from defendant's society and denying him his marital rights; her neglect of her home and family, and her constant association with one Gardner Preede, an insurance man, who had been brought into the home as a friend by the defendant.
The petitioner alleges that from the date of the birth of the first child, which took place during the year 1919, and up to the latter part of June, 1926, there was considerable discord in the family life. That the husband committed several vicious assaults upon the wife, included among which *Page 260 
was an assault made upon the wife during the year 1924, which consisted of the husband striking the petitioner, pushing her head against the wall and injuring her head. That on another occasion during the year 1925 the husband swore at the petitioner and struck her head, which caused petitioner to stagger; that on another occasion in the year 1925 the defendant pushed petitioner against the table and injured her; and on another occasion in May, 1926, the husband committed a vicious assault upon the wife while they were in their bedroom together, and by use of brute force accomplished unnatural sexual relationship with the wife by means of penetration of the rectum, as a result of which petitioner's clothes were torn and she suffered much pain and bore the black and blue marks on her body for some time thereafter; and on another occasion, in June, 1926, at Cape Cod, the defendant repeated the same performance as occurred in May, 1926. On this occasion the petitioner alleges that the defendant pulled petitioner down on the bed, grabbed her hands, held them behind her back, tore her clothes, and again accomplished unnatural sexual relationship by means of penetration of the rectum. As a result of this attack black and blue marks remained on the arms and legs of the petitioner, and during these attacks, above described, petitioner experienced much pain and moaned and cried.
As a result of the extreme cruelty to which she had been subjected, the petitioner left her husband and has not cohabited with him since June, 1926.
It is remarkable that the wife did not resist the husband more strenuously. She could at least have screamed so loudly and continuously that the police or the neighbors would have come to her assistance. She did moan and cry at times; nevertheless, she seems to have tolerated the unnatural intercourse until she could stand it no longer, and she says in her testimony that that is the reason of the separation. She testifies that she does not remember how many times he penetrated her rectum. She had an operation in 1925, and thereafter there was no normal sexual relationship between them. She says that she lost her health and accused him of being the cause of it. *Page 261 
The petitioner is corroborated to a sufficient extent by the testimony of her aunt, Eugenie Barnett, an old lady seventy-nine years of age. Miss Barnett testified that on one occasion she was in her room dressing for breakfast and Mrs. Barclay was dressing in her room; that the defendant went into his wife's room and shut the door, and that pretty soon she heard Mrs. Barclay cry out, and that she went to the door and found the door was locked, and that she heard the petitioner say, "Don't, you are hurting me; you promised me you would never do this thing again;" and that pretty soon Mrs. Barclay came out from her room, and her clothes were torn and she was staggering, and she was white, and her eyes were bulging, and that the petitioner then told her that her condition was caused by unnatural sexual intercourse with Mr. Barclay and that she couldn't stand it; and that on another occasion, hearing a faint cry, she went up to the room where the petitioner and defendant were, and that he was attempting to do the same thing again, and that she told him that he had to stop his practices with the girl or she would soon be in her grave.
She is likewise corroborated to some slight extent by Margaret R. Perry, a cousin of the petitioner; also by the testimony of Lucia Auten, a sister of the petitioner, who says that the petitioner was a good healthy girl when she was married, but that after 1924 the petitioner's health was miserable all the time; that she became hysterical and sick.
I think the evidence clearly establishes the guilt of the defendant, and I shall advise a decree in favor of the petitioner.
The mental cruelty set up by the defendant is not sustained by the evidence. He may have suffered much pain and sorrow by reason of his conscience troubling him, but there is no evidence even as to that. Klein v. Klein, 6 N.J. Mis. R. 359; Coe v. Coe,97 N.J. Eq. 57, and cases therein cited; Close v. Close, 25 N.J. Eq. 526; Smith v. Smith, 33 N.J. Eq. 458; Casey v. Casey,83 N.J. Eq. 603; Moore v. Moore, 84 N.J. Eq. 200;93 Atl. Rep. 700; Haskell v. Haskell, 99 N.J. Eq. 399. *Page 262