The petition for absolute divorce was filed by petitioner in December, 1925, alleging that the defendant had committed adultery in the months of October, November and December, 1925. To this petition an answer denying the allegation in petition was filed, as was also a counter-claim alleging cruelty.
The petitioner and defendant were married in November, 1919.
At the time of the commencement of the alleged adultery the petitioner and defendant occupied the first floor of a two-family house in Paterson, New Jersey. The co-respondent, Leopold Bauer, who has intervened denying the charges alleged, roomed and boarded with the parties. It was a practice of petitioner and another boarder, Strehl, to leave the house for their work at an early hour in the morning, whereas the co-respondent Bauer did not usually leave the house until considerably later. As a result Bauer was frequently alone in the apartment with the defendant and her infant child. There was accordingly ample opportunity for the commission of the offenses alleged.
There is no testimony that the defendant was caught inflagrante delicto but there is ample testimony to show that the defendant and co-respondent not only had an inclination towards the commission of adultery with one another but that they took advantage of the opportunity to commit adultery.
The occupants of the second floor testified that on numerous occasions after petitioner had left for work they heard suspicious sounds in the bedroom of the co-respondent which they described as those sounds which would be made by the creaking of bed springs. At least two of those witnesses identified the voices of the defendant and Bauer as coming from Bauer's room at these times. One of the witnesses, Mrs. Noethen, who lived upstairs, testified that on one of these occasions she heard defendant say, "let me get up the kid is crying," and "that she heard Bauer mumble an answer."
There was also testimony of conversations overheard in which defendant was apparently endeavoring to persuade *Page 568 
Bauer to run away with her, which he refused to do, and the defendant thereupon reproached him for failure to keep some promise, saying to him, "after you get what you want then it is wait, wait, wait."
A roomer who boarded with Mrs. Noethen testified that on one occasion while he was in the cellar he saw Bauer and defendant embracing and kissing each other.
Petitioner apparently was not suspicious of his wife's infidelity until November 28th, 1925, at which time he discussed his unhappy married life with Mr. Noethen. Mr. Noethen told the petitioner on this occasion enough to vividly arouse petitioner's suspicion of his wife's conduct. Late that night petitioner accused the defendant of adultery with Bauer. Petitioner testified that defendant admitted the charge to be true. The parties then had a violent quarrel and defendant left the house about the middle of the night. Petitioner thereafter instituted this action for absolute divorce based on the commission of adultery.
There is testimony by several of the witnesses including Mrs. Noethen that defendant told them that she loved Bauer and that she had been guilty of adultery with him.
After this action had been instituted, the co-respondent procured a boarding place for defendant with some friends at Secaucus and he continued to call upon the defendant and showed a considerable degree of intimacy with her. On one occasion defendant was observed sitting on Bauer's lap. The defendant and Bauer often spent many hours alone together late at night in a storm shed attached to the house. These surrounding circumstances in themselves tend to corroborate an undue intimacy between the defendant and co-respondent.
I am covinced that the facts established together with the surrounding circumstances as testified to by the witnesses make a case of adultery against the defendant. Story v. Story,91 N.J. Eq. 515; Lasker v. Lasker, 91 N.J. Eq. 352; Rogers v.Rogers, 89 N.J. Eq. 1; Wines v. Wines, 97 N.J. Eq. 55; Riehl
v. Riehl, 101 N.J. Eq. 15.
Facts have been shown which cannot be reconciled with the innocence of the defendant. The opportunity was clearly *Page 569 
established as well as the presence of the defendant under very suspicious circumstances in the bedroom of Bauer. Noises and conversations or parts of conversations were heard coming from that bedroom of such a nature that they point directly to the guilt of the defendant. There was evidence of demonstrations of affection between the defendant and co-respondent.
Finally defendant confessed her adulterous relations with Bauer to several persons.
Although attempt was made to attack the credibility of most of the witnesses to the foregoing facts, I am convinced that on the whole the aforesaid facts are sufficiently established by credible testimony to fulfill the requirements of the rule. Coe
v. Coe, 97 N.J. Eq. 59; Parmly v. Parmly, 90 N.J. Eq. 490.
I therefore find that defendant was guilty of the acts of adultery as alleged in the petition and that the same were not condoned.
The defendant in her counter-claim sets up cruelty and testified to various acts of cruelty running back for several years and culminating on the night on which she left him. There is no substantial corroboration of this alleged cruelty and I give but little credence to the testimony of the defendant.
Accordingly, the counter-claim as to the acts of cruelty has not been established.
The petitioner and defendant had a joint bank account in which at the time of separation there was $3,284.68. Petitioner has this entire amount. Defendant testified that part of this money had been deposited by her from her personal savings and that it was agreed that it belonged to them equally. This testimony is in nowise impeached or denied by petitioner. Accordingly, defendant is entitled to payment to her of one-half of the amount of the deposit together with accrued interest thereon.
I will therefore advise a decree granting to petitioner a decree of divorce for the cause as charged in the petition and dismissing the defendant's counter-claim, except as to the accounting. *Page 570