64 N.J. Super. 6 (1960)
165 A.2d 200
NATHANIEL B. COVEN, PLAINTIFF-RESPONDENT,
v.
GEISHA COVEN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 7, 1960.
Decided November 14, 1960.
*8 Before Judges GOLDMANN, HANEMAN and FOLEY.
Mr. Max Schomer argued the cause for appellant.
Mr. Nathaniel B. Coven, respondent, argued the cause pro se.
PER CURIAM.
Defendant appeals from a judgment nisi awarding plaintiff a divorce on the ground of adultery, and from the dismissal of her counterclaim for separate maintenance. It is contended that (1) the trial court erroneously concluded that an act of adultery was committed since it based its decision entirely on the uncorroborated testimony of plaintiff; (2) the trial court erred in finding that defendant's failure to call the corespondent as a witness could be considered as corroborative of the charge of adultery since he was called by plaintiff and testified he did not engage in any act of adultery; (3) certain hearsay testimony was erroneously admitted; and (4) dismissal of the counterclaim for separate maintenance was improper. It is not asserted on this appeal that the trial court's finding of adultery was against the weight of the evidence.
We have the benefit of a comprehensive opinion filed by the Chancery Division judge, in which he thoroughly reviewed the testimony, evaluated the proofs, passed on the credibility of the witnesses, and set out his conclusions of law with supporting authorities. He concluded that the adultery charged had been established by the proofs, within the test laid down in Berckmans v. Berckmans, 16 N.J. Eq. 122 (Ch. 1863), affirmed 17 N.J. Eq. 453 (E. & A. 1864), the leading case in this State on the establishment of adultery by circumstantial evidence, and quoted with approval in *9 Eberhard v. Eberhard, 4 N.J. 535 (1950), where the proof also was purely circumstantial. He found that this was a bitterly contested case without the slightest suggestion of collusion; that plaintiff's testimony was forthright and remained unshaken despite vigorous cross-examination, and that its truth was well-founded in the probabilities inherent in the circumstances; and that defendant's denial of the adultery and her account of what transpired on the evening when plaintiff found her and the corespondent in flagrante delicto were of "such a low caliber as to not only tax the credulity of a reasonable man, but indeed, to brand her account as a `tall story.'"
Defendant appears to take the position that plaintiff's eye-witness account of the act of adultery had no probative value since it was not corroborated by another eye-witness. This overlooks entirely the well-established principle that corroboration of adultery may be circumstantial. Corroboration need not come from the lips of other eye-witnesses; it may be found in the surrounding circumstances, adequately established. Meek v. Meek, 92 N.J. Eq. 23, 24 (Ch. 1921); Gilbert v. Gilbert, 24 N.J. Super. 473, 481 (Ch. Div. 1953), and cases cited. The best evidence of which the nature of the case is susceptible suffices. Lasker v. Lasker, 91 N.J. Eq. 352 (Ch. 1920); Meek v. Meek, above; Smith v. Smith, 96 N.J. Eq. 59 (Ch. 1924).
The degree of requisite corroborative proof varies from case to case and cannot be expressed in a rule of general application. Eberhard v. Eberhard, above (adultery); Orens v. Orens, 88 N.J. Eq. 29 (Ch. 1917) (desertion). The mere fact that the wife's testimony involved significant contradictions and was obviously false, as the trial court justly found in the present case, is self-indicative of guilt and corroborative of the charge. Thomas v. Thomas, 104 N.J. Eq. 607, 608 (E. & A. 1929). As to corroboration in adultery cases, see, generally, 11 N.J. Practice (Herr, Marriage, Divorce and Separation) (1950), § 1397, p. 626, and 1960 Pocket Part, p. 159, where it is said that although, ordinarily, a *10 court is reluctant to grant a judgment of divorce for adultery upon the uncorroborated testimony of a single witness, especially as against the explicit denial under oath of defendant and the alleged paramour,
"* * * Yet the testimony of a single witness may be sufficient, depending upon the probability of his story, the character of the witness, the consistency of his evidence and perhaps somewhat on the character of the defendant [citing Derby v. Derby, 21 N.J. Eq. 36, 53 (Ch. 1870)]. As in other cases, subject to the best evidence rule, the testimony of witnesses, including the plaintiff, may be corroborated by surrounding facts and circumstances adequately established [citing Janner v. Janner, 113 N.J. Eq. 110, 112 (E. & A. 1933); Osborne v. Osborne, 122 N.J. Eq. 12, 16 (E. & A. 1937); Eberhard v. Eberhard, above]."
We have read the entire record and find it manifest that plaintiff's eye-witness testimony, corroborated by the surrounding circumstances, the patently false story told by defendant, and other elements in the proofs detailed in the trial court's opinion, fully sustain a finding of adultery in terms of inclination and opportunity.
Two police officers who were called to the scene testified that the corespondent had told them he had known defendant for a period of some two years. (Defendant's testimony, and that of the corespondent, was that they had met for the first time on the night in question.) Defendant was not present when the statement was made. When defense counsel objected to any testimony by the first of the two officers as to a conversation he had had with the corespondent out of defendant's presence, the trial judge said he would allow it "as far as it pertains to the corespondent, and it is not binding on the defendant at this point. However, I may reconsider and allow it to be binding on her after I hear further testimony." At the conclusion of the officer's testimony defense counsel moved to strike from the record any statement by the corespondent regarding defendant not made in her presence. The application was denied, with leave to renew it later in the case. Thereafter, the second officer was permitted to testify to the same conversation *11 and, when defense counsel objected, the court made a similar ruling. At the close of plaintiff's case, counsel moved to strike the testimony that he had objected to. The trial judge announced he would hold the motion "until later." The motion was never renewed because, as explained in defendant's brief, both the court and counsel evidently lost track of it.
There is no need to pursue the matter further. In concluding that adultery had been proved, the trial court did not rely upon the officers' testimony regarding the corespondent's statement that he had known defendant for about two years. In our view, there is more than sufficient in the record to sustain the trial court's conclusion without any reference to that testimony.
The same is true regarding the passing statement made by the Chancery Division judge when, in the course of his opinion, he said,
"It is incumbent on the wife to call the paramour, and if she does not, the fact that the paramour was within reach of process at the time of the trial and was not called by the wife, is corroborative of other testimony showing her guilt,"
citing Bibby v. Bibby, 33 N.J. Eq. 56 (Ch. 1880). Defendant contends that her failure to call the corespondent as a witness could not be considered as corroborating plaintiff's charge of adultery, and this because plaintiff himself called the paramour to the stand after she had testified.
Bibby is obviously distinguishable. In that case neither party called the paramour. Plaintiff here knew the address of the alleged corespondent. She says she was unable to locate him, but the fact remains that plaintiff did and brought him into court under subpoena. We can only speculate as to why he was not produced by defendant; perhaps she failed to do so because of a guilty conscience or her fear of what he might say. Brought into court, he eventually denied any act of adultery, but did admit to meeting defendant, stopping at a restaurant for a cup of coffee, *12 then proceeding to a tavern where they drank together and, finally, parking in a dark and empty lot where they sat in her car for an hour or so and he kissed her "two or three times" but was "reluctant in going any further."
Whether the fact that the corespondent testified here is sufficient to establish a valid distinction in principle from what was said in Bibby need not be decided. Suffice to say that there was enough in the other facts established by unimpeachable testimony to provide sufficient corroboration of plaintiff's eye-witness account.
What we have said makes unnecessary any consideration of the dismissal of the counterclaim, it being conceded that if we find adultery was established, defendant's separate maintenance action must fall.
Defense counsel's request for a counsel fee on appeal is denied. The judgment is affirmed.